


Honorable Linda B. Riegle
United States Bankruptcy Judge

Entered on Docket
February 19, 2013

MICHAEL J. HARKER, ESQ.
BOGGESS & HARKER
Nevada Bar No. 005353
5550 Painted Mirage Road, Suite 255
Las Vegas, Nevada 89149
Mharker@boggessharker.com
(702) 233-5040
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | CASE NO.: 12-11548-lbr<br>Chapter 13 |
| SANDRA LUZ SANCHEZ, | Hearing Date: February 7, 2012<br>Hearing Time: 3:15 p.m. |
| Debtor. | |

### ORDER GRANTING MOTION TO VALUE COLLATERAL

There being no objection by the Chapter 13 Trustee or any creditor in the above-referenced case; and

After reviewing the pleadings, evidence, records, and documents on file herein and good cause appearing,

/ / /

IT IS HEREBY ORDERED, ADJUDGED and DECREED that;

1. BANK OF AMERICA N.A.'s claim shall be bifurcated and treated as a secured claim in the sum of $100,000.00 at an interest rate of 4.25% APR pursuant to prior stipulation

2. WELLS FARGO BANK, has a second Deed of Trust in the sum of $57,626.74 shall be "stripped off" or "avoided" and their secured claim shall be reclassified as an unsecured claim pursuant to 11 U.S.C. Section 506(a) upon completion of the debtor's chapter 13 plan payments;

3. The real property address is 6037 Gum Springs Street, Las Vegas, Nevada, 89081. APN#124-26-214-040 and the legal description is FIFTH & FARM UNIT 1C, PLAT BOOK 114 PAGE 39, LOT 96, BLOCK 6 in the Office of the County Recorder, Clark County, Nevada.

IT IS FURTHER ORDERED THAT should Debtor receive a discharge in this case, WELLS FARGO BANK, shall as soon as practicable thereafter take all necessary and appropriate steps to remove their liens of record, and to ensure that Debtor's title to subject property is clear of any cloud on title related to either Lienholders claim. This Court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. § 348 (f) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C. § 349(b)(1)-(3) shall govern the continuing validity of this order; and

sanchez.sandra.bk.ordr.mot2value02.13.mw.wpd

IT IS FURTHER ORDERED THAT, nothing in this order shall be deemed to be an allowance or disallowance of any claim of Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor or the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

Submitted by:

MICHAEL J. HARKER, ESQ

By /s/ Michael J. Harker
BOGGESS & HARKER
5550 Painted Mirage Road, #255
Las Vegas, NV 89149
Attorney for Debtor

3

sanchez.sandra.bk.ordr.mot2value02.13.mw.wpd

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_  The court has waived the requirement set forth in LR 9021(b)(1).

_X_  No party appeared at the hearing or filed an objection to the motion.

\_\_\_\_\_  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing: NONE.
Unrepresented parties appearing: None

Trustee: No Appearance at Hearing; No additional Service required.

\_\_\_\_\_  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order

### #